UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EMILY J. S.,

Plaintiff,

-against- 1:25-CV-482 (LEK)

COMMISSIONER OF SOCIAL SECURITY

Defendant.

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On April 18, 2025, Plaintiff Emily Jean Smith appealed the decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI"), on the basis of a lack of disability. Dkt. No. 1 ("Complaint"). The action is brought pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). *Id.* Plaintiff requests that the Commissioner's decision be vacated, and that the matter be remanded. Dkt. No. 13 ("Motion"). The Commissioner ("Defendant") filed a brief in opposition to Plaintiff's Motion. Dkt. No. 14 ("Response"). Plaintiff filed a reply. Dkt. No. 15 ("Reply"). For the reasons that follow, the Court remands the Commissioner's decision for further proceedings.

## II. BACKGROUND

On November 22, 2022, Plaintiff applied for SSI, alleging that her disability began on November 1, 2022. Dkt. No. 9 at 15 ("R.").[1] Plaintiff alleges she has social anxiety disorder, generalized anxiety, and depression, which prevent her from working. *Id.* at 193. The

[1] Page numbers in the citation to the Administrative Record refer to the official pagination on the bottom right of each page.

Commission initially denied Plaintiff's claim on June 12, 2023. *Id.* at 87–90. Upon reconsideration, on December 28, 2023, the Commission again denied Plaintiff's claim. *Id.* at 98–100. Following a hearing on June 10, 2024, Administrative Law Judge Ba-Yunus issued a decision denying Plaintiff's application on June 21, 2024. *See id.* at 12–25.

On March 11, 2025, the Appeals Council denied Plaintiff's request for review. *Id.* at 1–3. Thus, the June 21, 2024 decision by the ALJ is the Commission's final decision in this case. *Id.* at 1.

## III. LEGAL STANDARD

### A. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015). The Commissioner's decision will only be overturned "if the ALJ applies an incorrect legal standard, or if the ALJ's ruling is not supported by substantial evidence." *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022). Substantial evidence is "more than a mere scintilla." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). This requires "only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co.*, 305 U.S. at 229). This "threshold for . . . evidentiary sufficiency is not high." *Id.* Where substantial evidence supports the ALJ's findings, the decision must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). That is, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if

the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

To facilitate the court's review, an ALJ must set forth "the crucial factors . . . with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). "It is not the function of this Court to speculate as to the evidence and legal standards on which the ALJ based [their] decision, nor to supply its own rationale where the ALJ's decision is lacking or unclear." *Dittmar v. Comm'r of Soc. Sec.*, No. 16-CV-0404 (CFH), 2017 WL 2333836, at *5 (N.D.N.Y. May 30, 2017).

**B. Standard for Benefits**

To be considered disabled, a claimant seeking SSI must establish that they are "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner uses a five-step process, set forth in 20 C.F.R. §§ 404.1520 and 416.920, to evaluate SSI and DIB claims:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)). The claimant has

the burden of proof to establish a disability at the first four steps. *Id.* However, if the claimant establishes that their impairment prevents them from performing their past work, the burden shifts to the Commissioner to prove the final step. *Id*.

## IV. DISCUSSION

### A. Paragraph "B" Criteria

Plaintiff argues that the ALJ's discussion of the paragraph "B" factors fails to build a logical bridge connecting the evidence and the ALJ's conclusion. Mot. at 6.[2] Defendant argues that Plaintiff ignores part of the ALJ's analysis, and that additional relevant details were discussed elsewhere in the ALJ's opinion. Resp. at 5–6.

At steps two and three, when evaluating the severity of mental impairments, the ALJ uses a "psychiatric review technique," also known as a "special technique." *Wilson v. Colvin*, No. 14-CV-187, 2015 WL 1609727, at *4 (N.D.N.Y. Apr. 10, 2015); *see also* 20 C.F.R. § 404.1520a. At step three, using the "special technique," the ALJ assesses whether the claimant's mental impairments "meet or are equivalent in severity to any presumptively disabling mental disorder." *Id.* The ALJ does so by "rat[ing] the degree of . . . functional limitation" in four areas, known as the paragraph "B" factors: "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 416.920a(c)(3). The claimant's limitation in each of these four areas is given a rating of none, mild, moderate,

---

[2] Plaintiff also argues that the paragraph "B" findings "should [have been] discussed in separate paragraphs, rather than one all-inclusive paragraph of allegations." Mot. at 7 n.1. However, neither case Plaintiff cites supports such a rule. *See Jones v. Saul*, No. 21-CV-1045, 2022 WL 4566561, at *2 (N.D. Ill. Sept. 29, 2022) (finding that having separate paragraphs was insufficient for the ALJ's findings to be supported by substantial evidence); *Maria M. v. Bisignano*, No. 25-CV-3060, 2025 WL 3162312, at *5 (E.D. Wash. Nov. 12, 2025) (finding that the ALJ had not erred in organizing the analysis into separate paragraphs). This Court thus finds no reason why the number of paragraphs should be dispositive.

marked, or extreme. 20 C.F.R. § 416.920a(c)(4). The ALJ's decision "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. § 416.920a(e)(4).

It is "legal error" for an ALJ to "apply[] the Paragraph B criteria in conclusory fashion." *Messecar v. Colvin*, No. 12-CV-859, 2016 WL 6574077, at *2 (W.D.N.Y. Nov. 7, 2016). Rather, the ALJ must "provide . . . 'specific findings' . . . to justify [the ALJ's] ratings as to the degree of limitation in those areas." *Leonard v. Colvin*, No. 15-CV-00125, 2016 WL 1237782, at *15 (N.D.N.Y. Mar. 2, 2016), *report and recommendation adopted*, No. 15-CV-00125, 2016 WL 1238336 (N.D.N.Y. Mar. 28, 2016). Where the ALJ fails to properly apply the special technique, remand is warranted if the error is not harmless. *Whipple v. Astrue*, No. 08-CV-1356, 2011 WL 1299352, at *8 (N.D.N.Y. Mar. 8, 2011), *report and recommendation adopted*, No. 08-CV-1356, 2011 WL 1299337 (N.D.N.Y. Mar. 31, 2011), *aff'd*, 479 F. App'x 367 (2d Cir. 2012); *see also Kohler v. Astrue*, 546 F.3d 260, 269 (2d Cir. 2008) ("[W]e leave open the possibility that an ALJ's failure to adhere to the regulations' special technique might under other facts be harmless."). An error in applying the special technique is not harmless if a proper application of the special technique might lead to finding that the limitations are "as severe as those listed in the regulations," or if the ALJ "did not consider at all . . . significant evidence in the record that bears upon the four functional areas." *Benjamin v. Astrue*, No. 11-CV-2074, 2013 WL 271505, at *6 (E.D.N.Y. Jan. 23, 2013).

The ALJ's analysis is as follows:

> Here, the claimant complains of anxiety symptoms including daily panic attacks, nightmares and sleep disturbance, flashbacks, and extreme social withdrawal (Exhibit C3A; C6E; C7E; C15F). She also alleges depressive symptoms such as dysphoric mood,

> decreased energy, and passive suicidal ideations due to losing her parents in 2021 and 2022, and a friend in 2023 (Exhibits C7E). She reports that these symptoms cause her fatigue, forgetfulness, and difficulty in concentrating, and she does not go anywhere without her significant other, otherwise she gets overwhelmed, which induces her panic attacks (Exhibits C11E; C6E; C7E; C3F; C15F). These allegations are consistent with the third-party statement submitted by the claimant's significant other (Exhibit C4E).
>
> Based on the evidence discussed below, I find that the claimant has moderate difficulty understanding, remembering, or applying information; moderate difficulty interacting with others; moderate difficulty concentrating, persisting, or maintaining pace; and moderate difficulty adapting or managing herself.
>
> These findings are supported by the documented clinical findings on mental status examination, the medical opinion evidence of record, and the fact that the claimant's mental health symptoms have been effectively managed with regular counseling sessions and medication management.
>
> Here, the claimant complains of anxiety symptoms including daily panic attacks, nightmares and sleep disturbance, flashbacks, and extreme social withdrawal (Exhibit C3A; C6E; C7E; C15F). She also alleges depressive symptoms such as dysphoric mood, decreased energy, and passive suicidal ideations due to losing her parents in 2021 and 2022, and a friend in 2023 (Exhibits C7E). She reports that these symptoms cause her fatigue, forgetfulness, and difficulty in concentrating, and she does not go anywhere without her significant other, otherwise she gets overwhelmed, which induces her panic attacks (Exhibits C11E; C6E; C7E; C3F; C15F). These allegations are consistent with the third-party statement submitted by the claimant's significant other (Exhibit C4E).
>
> Accordingly, because the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation, the "paragraph B" criteria are not satisfied, and, by extension, the claimant does not meet or equal listings 12.04, 12.06, and 12.11.

R. at 18–19. Plaintiff argues that there is a gap between the symptoms described in the first paragraph (and the errant fourth paragraph) and the ALJ's conclusion that the limitations are "moderate" in each of the four areas. Mot. at 8–9 ("The ALJ does not explain how Plaintiff's allegations of '**daily** panic attacks . . . and **extreme** social withdrawal' translate to a moderate

limitation.") (emphasis in original). Plaintiff claims that the reported symptoms "should be taken at face value, resulting in an extreme limitation." Mot. at 9.

Defendant makes two arguments in response. First, Defendant argues that the third paragraph provides three sources of support for the finding of moderate limitations: "documented clinical findings," "medical opinion evidence of record," and "effective manage[ment]" of the symptoms. Resp. at 5; R. at 18–19. Second, Defendant argues that "details of Plaintiff's mental exams, improvement with treatment, and the medical opinions" were discussed later in the opinion, with respect to Residual Functional Capacity (RFC). Resp. at 5; R. at 20–23.

The analysis provided by the ALJ in the paragraph "B" discussion is inadequate. The single sentence provided in the opinion does not "show the significant history, including examination and laboratory findings," as required. 20 C.F.R. § 416.920a(e)(4). "[B]rief elaborations and reliance on one-time consultative evaluations do not constitute adequate explanations of the four factors." *Dibble v. Colvin*, No. 15-CV-0716, 2016 WL 3647879, at *15 (N.D.N.Y. July 1, 2016). The ALJ's paragraph "B" discussion must cite specific pieces of evidence. *See Benjamin v. Astrue*, No. 11-CV-2074, 2013 WL 271505, at *5 (E.D.N.Y. Jan. 23, 2013). Courts have upheld paragraph "B" findings only when the ALJ "gave an explanation for each of his conclusions." *Sontz v. Colvin*, No. 15-CV-0708, 2016 WL 4444876, at *9 (N.D.N.Y. Aug. 23, 2016). In this case, the ALJ fails to cite specific pieces of evidence in the record, or explain how he arrived at the conclusion that Plaintiff has "moderate" limitations in each of the four areas. *See* R. at 18–19. The ALJ thus failed to properly follow the paragraph "B" "special procedure" in this section of the opinion.

With respect to the relevance of the detailed discussion in the RFC section, the Second Circuit has found that discussing evidence relevant to the paragraph "B" factors, while analyzing

the RFC, impedes judicial review, making it difficult to ascertain "whether the ALJ adequately considered the entire record when determining the severity of [the plaintiff's] impairment." *Kohler v. Astrue*, 546 F.3d 260, 268 (2d Cir. 2008). It follows that "coincidental discussion of the special technique factors in connection with a standard RFC analysis is insufficient to satisfy the requirements of 20 C.F.R. § 404.1520(a)." *Jenkins v. Comm'r of Soc. Sec.*, 769 F. Supp. 2d 157, 160 (W.D.N.Y. 2011). Though it is generally "proper to read the ALJ's decision as a whole," *Jeanette J. v. Saul*, No. 6:19-CV-0795 (ML), 2020 WL 4932047, at *5 (N.D.N.Y. Aug. 24, 2020), the precedent on this specific question requires that analysis of the special technique factors in the RFC section does not satisfy the ALJ's obligations. *See Jenkins*, 769 F. Supp. at 160. Therefore, the Court will not credit the ALJ's RFC discussion, R. at 20–23, as meeting the requirements of the "special technique."

Remand is therefore warranted in this case as long as the error is not harmless. Plaintiff argues that the improper analysis was harmful, as "Plaintiff's allegations of daily panic attacks and extreme withdrawal should be taken at face value," and those allegations should lead Plaintiff to meet the listing of anxiety and obsessive-compulsive disorders. Mot. at 9–10. Defendant failed to argue that any error by the ALJ was harmless. *See* Resp. at 4–9. Conversely, Plaintiff has "presented evidence suggesting that a precise application of the special technique could support a finding that plaintiff's mental impairment was severe, thus altering the determination of plaintiff's RFC and potentially directing a different conclusion as to her claimed disability." *Jenkins v. Comm'r of Soc. Sec.*, 769 F. Supp. 2d 157, 161 (W.D.N.Y. 2011). For instance, Plaintiff's claim, consistent with a third-party statement, that Plaintiff "does not go anywhere without her significant other," for she otherwise suffers a panic attack, R. at 20, might merit a finding that Plaintiff has a more than moderate limitation with respect to managing

herself. *Contra* R. at 19 (finding that Plaintiff has "moderate difficulty adapting or managing herself"). The Court does not reach such a conclusion today. Rather, the Court orders the case remanded to the ALJ so that the paragraph "B" "special technique" can be properly applied.

**B. ALJ's RFC Finding Regarding Contact with Others**

Plaintiff argues that the ALJ's RFC limitation is flawed due to a discrepancy between an opinion that the ALJ found persuasive, and the ALJ's RFC limitation. Mot. at 10–13. Defendant argues that the ALJ's opinion is supported by substantial evidence. Resp. at 9–13. As this Court is remanding the case at step three, it need not decide the RFC issue. *Hayton v. Comm'r of Soc. Sec.*, No. 18-CV-6130, 2019 WL 2442150, at *2 n.3 (W.D.N.Y. June 12, 2019) (declining to reach other arguments because the Court remands at step three); *Legette v. Colvin*, No. 12-CV-04831, 2014 WL 4161963, at *7 (E.D.N.Y. Aug. 19, 2014) (instructing the ALJ to "reconsider steps four and five" when that "analysis was based on the flawed analysis at step three"); *Benjamin v. Astrue*, No. 11-CV-2074, 2013 WL 271505, at *7 (E.D.N.Y. Jan. 23, 2013) ("Having determined that the ALJ erred in applying the special technique, the court does not decide the remainder of Plaintiff's objections."). A redone special technique analysis may conclude that "Plaintiff's mental impairments are as severe as those listed in the regulations," or might otherwise affect the RFC determination. *Benjamin*, 2013 WL 271505, at *7. "[R]ather than speculate as to what effect, if any, the special technique had on the remainder of the ALJ's decision, the court remands without expressing any opinion" on Plaintiff's second objection. *Id.*

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion, Dkt. No. 13, is **GRANTED**; and it is further

**ORDERED**, that the Commissioner's decision is **REMANDED** for further proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 21, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge